IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY HICKMAN,  )
        Petitioner  )
         )
   vs.  )   Civil Action No. 09-160
         )   District Judge Alan N. Bloch
BRIAN COLEMAN, Superintendent of  )   Magistrate Judge Amy Reynolds Hay/
SCI-Fayette; and THE COURT OF  )
PLEAS OF ALLEGHENY COUNTY  )
         )
        Respondents  )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2241, be dismissed and, to the extent one is needed, that a certificate of appealability be denied.

### REPORT

Larry Hickman ("Petitioner"), a state prisoner, (DOC ID No. AJ-2188), was convicted on June 22, 1988 of several counts of robbery via a negotiated plea deal and is now serving an aggregate sentence of 25 to 50 years in SCI-Fayette. His theft and robbery convictions were obtained in Allegheny County at Common Pleas Court docket Nos. CC1988-2127; CC1988-2128; CC1988-3245; CC1988-2132; CC1988-3246, CC1988-3317; CC1988-2165; CC1988-3320; CC1988-2167; CC1988-2239; CC1988-3218; CC1988-2130; CC1988-2131; and CC1988-3677, of which this court takes judicial notice. See also Dkt. [1-2] at 2; Dkt. [1-4] at 6. He was sentenced on August 16, 1988. Since that time, Petitioner has filed at least four PCRA petitions in the State Courts and five pro se state habeas corpus petitions. Dkt. [1-6] at 3. The court takes further judicial notice of the fact that Petitioner has previously filed three habeas petitions pursuant to Section 2254 in this court, which challenged the very same convictions as he

challenges herein, the most recent of which was Hickman v. Wolfe, No. 02-893 (W.D. Pa.). The Court attaches hereto and incorporates herein, a copy of the Report and Recommendation in the last Section 2254 petition he filed in this Court, which recounts the history of Petitioner's Section 2254 filings and which dismissed the Section 2254 habeas petition as second or successive because it was filed without leave of the Court of Appeals. The Court also takes judicial notice of the fact that after the third habeas petition was dismissed, Petitioner did attempt to seek leave from the Court of Appeals to file another Section 2254 habeas petition but was denied. In re Larry Hickman, No. 03-4598 (3d Cir. Order denying leave filed 1/21/04). Now, more than five years later, Petitioner has filed what purports to be a Section 2241 habeas petition, challenging the validity of these very same robbery and theft convictions that were subject to the previous Section 2254 habeas petitions. See Dkt. [1] at 2, ¶ 6. Because Petitioner has not carried his burden to show that this petition is properly filed as a Section 2241 petition, and because it is in fact and law a second or successive Section 2254 petition, the petition is jurisdictionally improper and must be dismissed.

**Discussion**

Although not entirely clear, the heart of Petitioner's complaint in the current filing is that he was found guilty of charges that were withdrawn and that his plea of guilty was never accepted in open court and thus there is no valid conviction. Dkt. [1] at 3, ¶ 13.

The petition has not been served yet but, pursuant to Rule 4 of the Rules Governing Section 2254 cases,[1] this court may dismiss the petition if it plainly appears on its face that the

---

[1] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos- Gallegos, 151 F.Supp.2d 659 (D. Md.

petitioner is not entitled to relief under habeas. The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to relief.

Petitioner has not shown that his petition is properly brought under Section 2241, as is his burden. See Simon v. Nalley, No. 9:02-CV-1255, 2003 WL 22240588, at *3 (N.D.N.Y. Sept. 22, 2003)(it is a petitioner's burden to show that Section 2241 is jurisdictionally appropriate).

As observed by the Court of Appeals for the Third Circuit, Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir.2001). In contrast, section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady, 251 F.3d at 484. The Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must generally seek relief via a Section 2254 petition and not via a section 2241 petition. Id. See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State

---

2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . ."). Hence, for purposes of pre-service dismissal, it does not matter whether one characterizes this as a Section 2254 petition or a Section 2241 petition, the court has authority to dismiss it pre-service under Rule 4.

court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

Apparently believing that a mere re-characterization of his petition as being a Section 2241 petition and not a Section 2254 petition permits him to circumvent Congressional intent on limiting repeat habeas filings in federal courts, attacking state convictions, Petitioner seeks to invoke federal habeas jurisdiction pursuant to Section 2241, contrary to Coady. However, this course of action is foreclosed both by Coady and by Felker v. Turpin, 518 U.S. 651 (1996). See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D.Pa. Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651 (1996), the Supreme Court held that it would apply the AEDPA's new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA does not explicitly mention § 2241."). Nor has Petitioner argued or carried his burden to take this case outside the general rule of Coady so as to be able to bring the current claims via a Section 2241 petition. See, e.g., In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); Pollard v. Yost, Civ.A. No. 07-235J, 2008 WL 4933599 (W.D.Pa. Nov. 18, 2008). Accordingly, this petition should be dismissed pre-service as not being properly filed pursuant to Section 2241 and should be treated as what it really is, a second or successive Section 2254 petition that is barred absent permission from the Court of Appeals to file it.

**Certificate of Appealability**

To the extent that Petitioner would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a second or successive 2254 motion for which he needs the Court of Appeals' permission to file.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

*/s/ Amy Reynolds Hay*
United States Magistrate Judge

Dated: 6 April, 2009

cc: The Honorable Alan N. Bloch
United States District Judge

Larry Hickman
AJ-2188
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450